IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

COASTAL LOGISTICS, INC.,             *
                                     *
    Plaintiff,                       *
                                     *
    v.                               *      CV 415-177
                                     *
AIM STEEL INTERNATIONAL, INC.,       *
                                     *
    Defendant.                       *

# O R D E R

Presently before the Court is Plaintiff's motion for partial summary judgment (Doc. 12). For the reasons below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

In 2014, Defendant entered into a contract with BL Harbert International ("BL Harbert") in which it agreed to "provide steel at multiple locations." (Cunningham Aff., Doc. 12-2, ¶ 3; Ali Aff., Doc. 17, ¶ 9.) Subsequently, Plaintiff, who holds itself out as an expert "in the design and loading of skids," agreed to provide Defendant with skids for BL Harbert's project sites.[1] (Ali Aff. ¶¶ 9-10.) Thus, in the days that followed,

---

[1] Before an agreement was reached, Plaintiff sent Defendant three different quotes - dated September 3, 2014; September 9, 2014; and September 22, 2014 - for the requested work. (Cunningham Aff. ¶ 4; Cunningham Aff. Attachs. 1-2; Pl.'s Statement of Material Facts, Doc. 12-4, ¶ 3.) Ultimately, the September 22nd quote superseded the quotes from September 3 and September 9. (Cunningham Aff. Attach. 2.) Additionally, "[a] skid is a platform used to

skid production ensued, and Plaintiff, consistent with the parties' credit agreement, periodically submitted invoices for the work completed.² (Cunningham Aff. ¶¶ 4, 7-8.) However, soon after production began, BL Harbert notified Defendant that Plaintiff's skids "were failing." (Ali Aff. ¶ 14.) In fact, as of February 11, 2015, "almost 100% of skid runners had failed." (Id. ¶ 17.)

With the hope of remedying the situation, Defendant requested that Plaintiff ship "additional materials (lumber, ratchet straps, and nylon slings)" along with the "skids as originally designed." (Wagoner Aff., Doc. 21-1, ¶ 5.) Consequently, Plaintiff provided Defendant with a quote – dated January 30, 2015 – for the costs of the additional materials, and the parties moved forward. (Wagoner Aff., Attach. 4.) Yet, feeling as though it was not responsible for the additional costs arising out of Plaintiff's initial failure to manufacture skids that would "handle the steel loads," Defendant stopped paying Plaintiff's invoices.³ (Cunningham Aff. ¶ 9; Ali Aff. ¶¶ 12, 19.)

---

support a load and assist with storage, handling and transportation." (Pl.'s Reply Br., Doc. 21, at 1 n.1.)

² On October 13, 2014, the parties reached a credit agreement in which "[Plaintiff] agreed to provide [Defendant] with 15 day terms for inland freight managed by [Plaintiff] and 30 day terms for all items that fall under [Plaintiff's] direct responsibility." (Cunningham Aff. ¶ 7.)

³ In response to Plaintiff's demand for payment, Omar Ali, Defendant's vice president of internal and domestic affairs, sent an email to Plaintiff stating the following: "We are so sorry for the delay[,] but i [sic] assure

2

Without full payment for its services, Plaintiff initiated this suit on June 17, 2015, asserting causes of action for breach of contract and attorneys' fees. (Compl., Doc. 1.) Since then, on the issue of breach of contract, Plaintiff has filed the instant motion for summary judgment. In response, Defendant has filed a brief in opposition (Doc. 17), and Plaintiff has submitted a reply brief (Doc. 21).[4] Now, having received these documents, the Court considers Plaintiff's motion.

## II. DISCUSSION

In Georgia, "[t]he elements of a breach of contract claim . . . are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Houghton v. Sacor Fin., Inc., No. A16A0009, 2016 WL 3068407, at *2 (Ga. Ct. App. May 31, 2016) (internal quotation marks and citation omitted). However, a party has no right to complain about a contract unless that contract is valid. See Broughton v. Johnson, 545 S.E.2d 370, 371 (Ga. Ct. App. 2001). "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of

---

you our bills will be paid." (Cunningham Aff. Attach. 6; Ali Aff. ¶ 3.) Yet, it is Ali's position (1) that he was referencing only "undisputed amounts owed" and (2) that he was mistaken in his belief that Defendant had not paid all undisputed amounts owed. (Ali Aff. ¶ 20.)

[4] In compliance with Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985)(per curiam), the Clerk provided Defendant with notice of the summary judgment motion, the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 13.)

3

the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1.

Within its complaint, Plaintiff indicates that only one contract is at issue.[5] However, Plaintiff's evidence in support of summary judgment suggests (1) that the parties may have formed two separate contracts – one stemming from Plaintiff's September 22nd quote and another stemming from Plaintiff's January 30th quote – and (2) that either or both of them could be the basis for Plaintiff's breach of contract claim. Consequently, given this evidence and the lack of specificity in Plaintiff's complaint regarding the contract formation date and the materials covered thereunder, the Court is unable to identify the contract that is the subject of this litigation. For that reason, the Court cannot grant Plaintiff's motion for summary judgment. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) ("[F]or issues on which the movant would bear the burden of proof at trial . . . the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." (internal quotation marks

---

[5] The Court reaches this conclusion after evaluating paragraphs twelve through fourteen of Plaintiff's complaint. In paragraph twelve, Plaintiff alleges that Defendant "entered into *a* contract with [Plaintiff] in which it agreed to submit timely payment to [Plaintiff] for services rendered." (Compl. ¶ 12 (emphasis added).) Then, in paragraph thirteen, Plaintiff alleges that Defendant "has failed to submit payment for [Plaintiff's] invoices since January 2015." (Id. ¶ 13.) Finally, in paragraph fourteen, Plaintiff alleges that "[a]s a direct result of [Defendant's] breach of contract, [Plaintiff] has suffered damages." (Id. ¶ 14.)

4

and citation omitted)); Broughton, 545 S.E.2d at 371 ("Under O.C.G.A. § 13-3-1, the plaintiff in a breach of contract action has the burden of pleading and proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms.").

### III. CONCLUSION

Upon the foregoing, the Court **DENIES** Plaintiff's motion for partial summary judgment (Doc. 12).

**ORDER ENTERED** at Augusta, Georgia, this 12th day of July, 2016.

	HONORABLE J. RANDAL HALL
	UNITED STATES DISTRICT JUDGE
	SOUTHERN DISTRICT OF GEORGIA