IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
COASTAL LOGISTICS, INC.,        *
                                *
     Plaintiff,                 *
                                *
     v.                         *     CV 415-177
                                *
AIM STEEL INTERNATIONAL, INC.,  *
                                *
     Defendant.                 *
```

# O R D E R

Before the Court is Plaintiff's Motion for Entry of Default. (Doc. 28.) The record shows that Defendant was served with a copy of the summons and complaint on June 30, 2015 and filed an answer to Plaintiff's complaint on July 15, 2015. (Docs. 5, 6.) On August 19, counsel for Defendant filed a motion to withdraw from this case as counsel of record.[1] (Doc. 25.) On September 12, 2016, the Court granted counsel for Defendant's motion to withdraw and directed Defendant "to retain new counsel and to have new counsel file a notice of appearance in this case by close of business within fourteen (14) days hereof [*i.e.*, by close of business on September 26, 2016]." (Doc. 27.) In its Order, the Court warned Defendant that, as a corporate entity unrepresented by counsel, its failure to timely obtain substitute counsel "may result in the entry of default

---

[1] Counsel for Defendant provided the requisite notice of its intent to withdraw as counsel of record on August 4, 2016. (See Doc. 25-1); see also LR 83.7, SDGa.

against [Defendant]." (Doc. 27, at 2.) On September 28, 2016, Plaintiff filed its present Motion for Entry of Default. On November 1, 2016, the Court entered an Order directing Defendant to show cause, by no later than November 15, 2016, why the Court should not strike its answer and enter default against it. (Doc. 29.) To date, Defendant has failed to respond to the Order of November 1, 2016 and/or to have new counsel enter a notice of appearance in this case.

Under Federal Rule of Civil Procedure 16(f), the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," if a party "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). Such Rule 37 sanctions include, *inter alia*, the Court "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(iii) & (vi). However, given the severity of this sanction, the Court should not order a default judgment unless the noncompliance is "due to willful or bad faith disregard for [previous] orders." United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1156 (11th Cir. 1986)).

At this time, an entry of default and striking of Defendant's answer is appropriate. As stated above, on September 12, 2016, the Court ordered Defendant to retain new counsel and have new counsel enter a notice of appearance by

2

September 26, 2016. Upon Defendant's failure to do so, Plaintiff filed its Motion for Entry of Default, which in turn led to the Court's Order directing the Defendant to show cause why its answer should not be stricken or defaulted entered against it. Since then, Defendant has failed to respond to the Court's show cause order or otherwise have new counsel enter a notice of appearance on its behalf. Because Defendant received ample notice of these obligations and the consequences of its inaction, its noncompliance exemplifies the willful disregard that warrants the severe sanction of the striking of its answer and the entry of default against it.[2]

Upon the foregoing, Plaintiff's Motion for Entry of Default (doc. 28) is **GRANTED IN PART** and the Clerk of Court is **DIRECTED** to **STRIKE** Defendant's answer (doc. 6) and to **ENTER DEFAULT** against Defendant. Plaintiff is **DIRECTED** to file its motion for default judgment **within thirty (30) days** of the Clerk's entry of default. Within its motion, Plaintiff shall specifically identify the bases in the pleadings that support the grant of default judgment. See <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A]

---

[2] While Plaintiff's motion is titled as a "Motion for Entry of Default," Plaintiff appears to be requesting the entry of default judgment against Defendant. (Doc. 28, at 2.) A default judgment and an entry of default are not identical procedural devices. An entry of default is a prerequisite to obtaining a default judgment. See 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Because Plaintiff has not yet received an entry of default, any request by Plaintiff for the entry of a default judgment against Defendant is premature.

defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.") Plaintiff shall also include all supporting documentation and affidavits establishing the amount of Plaintiff's damages. See Wells Fargo Bank, Nat'l Ass'n v. Columbia Hardwoods & Floors, Inc., No. CV 112-004, 2013 WL 85243, at *3 (S.D. Ga. Jan. 7, 2013) ("Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. However, no hearing is needed when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." (citing S.E.C. v. Smyth, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005))).

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of November, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4